IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL QUICK<br>747 Cypress Gardens Blvd.<br>Winter Haven, FL 33880,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, NATIONAL INSTITUTE<br>OF STANDARDS AND TECHNOLOGY<br>100 Bureau Drive, Stop 1000<br>Gaithersburg, MD 20899-1000,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff Michael Quick (hereinafter "Plaintiff") brings this action to redress violation of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of Commerce, National Institute of Standards and Technology, in failing to provide Plaintiff with a final response to his November 13, 2008 FOIA request, and failing to provide agency records responsive to Plaintiff FOIA request, pertaining to the raw data used for simulation models produced by the agency concerning the collapse of the World Trade Center Building 7, on September 11, 2001.

COMPLAINT                              - 1 -

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff Michael Quick is an individual who, at all times relevant herein, has resided in Polk County, Florida.

5. Defendant United States Department of Commerce, National Institute of Standards and Technology is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)(C)..

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the federal district court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. 552(a)(4)(B).

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. §552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13. On or about November 13, 2008, Plaintiff sent a FOIA request to the United States Department of Commerce, National Institute of Standards and Technology, seeking agency records pertaining to the raw data used for simulation models produced by the agency concerning the collapse of the World Trade Center Building 7 that occurred in New York City on September 11, 2001.

14. On or about November 20, 2008, Catherine S. Fletcher, Freedom of Information Act Officer for the United States Department of Commerce, National Institute of Standards and Technology, sent Plaintiff a correspondence indicating that the agency had received his November 13, 2008 FOIA request, and further indicating that this FOIA request had been designated as FOIA Log No.09-11 by the agency.

15. On or about January 9, 2009, Catherine S. Fletcher, Freedom of Information Act Officer for the United States Department of Commerce, National Institute of Standards and Technology, sent Plaintiff a follow-up correspondence regarding his November 13, 2008 FOIA request to the agency, indicating that Plaintiff should send the agency the sum of $824.98 to cover the estimated cost for search and duplication for responding to this FOIA request, and that upon receipt of this payment, the agency would begin its search and duplication of responsive documents for this FOIA request.

16. On or about February 23, 2009, Plaintiff sent Defendant a check in the sum of $824.98 for the agency's estimated cost for search and duplication in responding to his

November 13, 2008 FOIA records request, per the agency on January 9, 2009 correspondence described in the paragraph above, and according to the bank records received by Plaintiff, Defendant deposited this check on February 26, 2009, and on that date, transferred said funds from the check that was sent by Plaintiff for that purpose.

17. To date, Plaintiff has not received a final determination or a final response to his November 13, 2008 FOIA request (FOIA Request No. 09-11) from the United States Department of Commerce, National Institute of Standards and Technology, nor has Plaintiff received any non-exempt agency records responsive to his November 13, 2008 FOIA request as of the date of filing this action. Furthermore, as of the date of filing this action, Plaintiff has not received any information indicating an approximate date by which he can expect to receive a final determination or a final response to his November 13, 2008 FOIA request, nor has Plaintiff received any information as to the approximate date by which he can expect to receive the agency records responsive to this FOIA request

### VII. CLAIM FOR RELIEF

### CLAIM ONE - VIOLATION OF FOIA
### FAILURE TO PROVIDE RECORDS RESPONSIVE TO PLAINTIFF'S NOVEMBER 13, 2008 FOIA REQUEST

18. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 17 previously set forth herein.

19. Defendant has violated FOIA by failing to provide Plaintiff with all responsive non-exempt records, and all non-exempt portions thereof, requested by Plaintiff in his FOIA request of November 13, 2008, to the United States Department of Commerce, National Institute of Standards and Technology.

20. By failing to provide Plaintiff with all records responsive to his FOIA request of November 13, 2008, Defendant has denied Plaintiff's right to this information provided by law under the Freedom of Information Act.

21. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to access the records that he has requested in Plaintiff's November 13, 2008 FOIA request to the United States Department of Commerce, National Institute of Standards and Technology.

22. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his November 13, 2008 FOIA request to the United States Department of Commerce, National Institute of Standards and Technology.

23. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review of the United States Department of Commerce, National Institute of Standards and Technology's failure to provide responsive records to his November 13, 2008 FOIA request.

24. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

25. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare that Defendant United States Department of Commerce, National Institute of Standards and Technology has violated FOIA by failing to provide all non-exempt records responsive to Plaintiff's November 13, 2008 FOIA request.

2. Direct by injunction that Defendant United States Department of Commerce, National Institute of Standards and Technology immediately provide Plaintiff with all non-exempt records responsive to Plaintiff's November 13, 2008 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

DATED: This 2nd day of November, 2009.

Respectfully submitted,

_____
Daniel J. Stotter (OSB # 911090)   WJ0015
IRVING & STOTTER LLP
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97401
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**